**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PATENT ASSET LICENSING, LLC,

    Plaintiff,

v.                                              Case No. 3:15-cv-742-J-32MCR

BRIGHT HOUSE NETWORKS, LLC,

    Defendant.

## O R D E R

This case is before the Court on: (1) Defendant Bright House Networks, LLC's Unopposed Motion for Leave to Seal Its Motion for a Protective Order and Accompanying Exhibit, and [to Seal Its] Opposition and Accompanying Exhibit to Plaintiff's Motion for Permission for Victor Siber and Hanna Madbak to Access Confidential Documents (Doc. 62); and (2) Plaintiff Patent Asset Licensing, LLC's Unopposed Motion to File a Reply in Support of Its Motion for Permission for Victor Siber and Hanna Madbak to Access Confidential Documents (Doc. 68).

Bright House moves to seal its motion for a protective order and its opposition to PAL's motion for permission to access confidential documents, with accompanying Exhibits 4 and 8. (Doc. 62). Redacted portions of the opposition contain a description of the contents of PAL's interrogatory responses served on Defendants WideOpenWest Finance, LLC and Knology of Florida, Inc. in Case. No. 3:15-cv-744-J-32MCR, and Exhibit 4 contains PAL's interrogatory responses, which PAL marked "Confidential." In addition, Exhibit 8 is a licensing agreement for the patents-in-suit. Redacted

portions of the motion and opposition contain a description of the contents of the licensing agreement, which PAL marked "Confidential – Attorney's Eyes Only." Both exhibits contain PAL's confidential business information and information of third party Focal IP. Exhibit 4 also includes information about PAL's affiliates and corporate structure.

The public has "a common-law right to inspect and copy judicial records and public documents." In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir. 1987) (per curiam) (citations omitted). The public's right of access to judicial records may be overcome, however, by a showing of good cause by the party seeking protection. See Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1313 (11th Cir. 2001); see also Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007). Good cause "generally signifies a sound basis or legitimate need to take judicial action." In re Alexander, 820 F.2d at 356.

If good cause has been shown, the court must then balance the interest in obtaining access to the information against the interest in keeping the information confidential. Chicago Tribune Co., 263 F.3d at 1313. In balancing these interests:

> courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Romero, 480 F.3d at 1246 (citations omitted). Moreover, even in the absence of any challenge to sealing the information, the court, as "the primary representative of the

public interest in the judicial process," is duty-bound "to review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002).

To aid the court in its review, Local Rule 1.09 requires any motion to seal to provide:

> (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.

M.D. Fla. R. 1.09(a).

"'Good cause is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury.'" NXP B.V. v. Research In Motion, Ltd., No. 6:12–cv–498–Orl–22TBS, 2013 WL 4402833, *2 (M.D. Fla. Aug.15, 2013) (quoting Vista India, Inc. v. Raaga, LLC, No. 07–1262, 2008 WL 834399, *2 (D.N.J. Mar. 27, 2009)). "A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Romero, 480 F.3d at 1246. Courts in this district have granted motions to seal in patent infringement cases where the information sought to be protected was designated "confidential" by agreement of the parties and where public access to the documents could violate the parties' privacy or proprietary interests. See, e.g., Arthrex, Inc. v. Parcus Med., LLC,

No. 2:11-CV-694-FTM-29CM, 2014 WL 1569149, at *4 (M.D. Fla. Apr. 17, 2014); NXP B.V., 2013 WL 4402833, at *2.

Upon due consideration, the Court finds that allowing public access to the information the parties seek to file under seal could harm their legitimate privacy and proprietary interests, and there is no less restrictive method available to protect the information. Therefore, because they are unopposed and there exists good cause, the motion to seal will be granted, and the parties permitted to file the documents under seal. However, the Court will determine later whether the items will remain under seal for the duration of the case.

In addition, the Court will allow PAL to file a reply in support of its motion for permission for Victor Siber and Hanna Madbak to access confidential documents.

Accordingly, it is hereby

**ORDERED:**

1. Defendant Bright House Networks, LLC's Unopposed Motion for Leave to Seal Bright House's Motion for a Protective Order and Accompanying Exhibit and Bright House's Opposition and Accompanying Exhibit to Plaintiff's Motion for Permission for Victor Siber and Hanna Madbak to Access Confidential Documents (Doc. 62) is **GRANTED**.

2. By **June 10, 2016**, Bright House shall mail or hand-deliver the materials to be filed under seal to the Clerk. The documents will remain under seal for the duration of this litigation or until further order of the Court.

3.   PAL's Unopposed Motion to File a Reply in Support of Its Motion for Permission for Victor Siber and Hanna Madbak to Access Confidential Documents (Doc. 68) is **GRANTED**. PAL may file a reply of no more than five pages by **June 10, 2016**.

**DONE AND ORDERED** in Jacksonville, Florida the 24th day of May, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record