# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

PATENT ASSET LICENSING, LLC,

      Plaintiff,

v.                                      Case No. 3:15-cv-742-J-32MCR

BRIGHT HOUSE NETWORKS, LLC,

      Defendant.

_____

PATENT ASSET LICENSING, LLC,

      Plaintiff,

v.                                        Case No. 3:15-cv-743-J-32MCR

WIDEOPENWEST FINANCE, LLC
and KNOLOGY OF FLORIDA, INC.,

      Defendants.

_____

PATENT ASSET LICENSING, LLC,

      Plaintiff,

v.                                      Case No. 3:15-cv-744-J-32MCR

YMAX CORPORATION,

      Defendant.

_____

PATENT ASSET LICENSING, LLC,

      Plaintiff,

v.                                     Case No. 3:15-cv-746-J-32MCR

BIRCH COMMUNICATIONS, INC.,

      Defendant.

---

PATENT ASSET LICENSING, LLC,

      Plaintiff,

v.                                       Case No. 3:15-cv-747-J-32MCR

T3 COMMUNICATIONS, INC,

      Defendant.

---

# O R D E R

This case is before the Court on Defendants WideOpenWest Finance, LLC ("WOW") and Knology of Florida, Inc.'s Motion to Stay Pending <u>Inter</u> <u>Partes</u> Review (<u>WOW</u>, Case No. 3:15-cv-743-J-32MCR, Doc. 57), which Defendant Bright House Networks, LLC (<u>Bright House</u>, Case No. 3:15-cv-742-J-32MCR, Doc. 87), Defendant Birch Communications, Inc. (<u>Birch</u>, Case No. 3:15-cv-746-J-32MCR, Doc. 105), and Defendant T3 Communications, Inc. (<u>T3</u>, Case No. 3:15-cv-747-J-32MCR, Doc. 63) have adopted and incorporated by reference (WOW, Knology, Bright House, Birch, and T3 are collectively referred to as "Defendants"). Plaintiff Patent Asset Licensing, LLC filed a consolidated response. (<u>WOW</u>, Doc. 60).[1]

---

[1] Where the parties or the Court have filed the same document in all five cases, for the sake of simplicity, the Court only cites to the docket entry in Case No. 3:15-cv-

In addition, Defendant YMax Corporation filed its own Motion to Stay Pending Inter Partes Review (YMax, Case No. 3:15-cv-744-J-32MCR, Doc. 69), to which PAL has responded (YMax, Doc. 71).

Finally, Defendant/Third-Party Plaintiff T3 and Third-Party Defendant MetaSwitch Networks Ltd. filed a Joint Contingent Motion for Stay Pending Inter Partes Review, in which they request that the Court stay the third-party action pending inter partes review.[2] (T3, Doc. 64).

## I.    BACKGROUND

On June 19, 2015, PAL filed complaints against all six defendants, alleging that they infringe claims of U.S. Patent Nos. 7,764,777; 8,155,298; and 8,457,113 (the "patents-in-suit"). According to PAL, the patents-in-suit "share a common specification and disclose improved systems and methods for applying call features and routing telephone calls across telecommunication networks." (Bright House, Doc. 26 at 5).

On February 17, 2016, the Court held a preliminary pretrial conference (WOW, Doc. 43) after which it, among other things, consolidated the five cases for discovery through the claim construction hearing and requested that the parties submit agreed pretrial deadlines (WOW, Doc. 44). Thereafter, the Court entered a Case Management and Scheduling Order (WOW, Doc. 48), which it amended twice at the parties' request (WOW, Docs. 56, 59). Pursuant to the CMSO, the parties have disclosed asserted claims, infringement contentions, core technical documents, and invalidity

---

743-J-32MCR.

[2] T3 and MetaSwitch agreed on the motion, though they do not indicate whether PAL opposes the motion.

contentions; taken preliminary Rule 30(b)(6) depositions; exchanged preliminary claim construction; filed a joint claim construction statement; and served opening claim construction expert reports. Upcoming deadlines include serving responsive claim construction expert reports, completing claim construction discovery, and filing claim construction briefs. The claim construction hearing is set for January 5, 2017.

On June 23 and 24, 2016, five of the six defendants submitted petitions for inter partes review to the Patent Trial and Appeal Board ("PTAB"), an administrative law body of the United States Patent and Trademark Office ("PTO"). (WOW, Doc. 57 at 5). WOW, Knology, Bright House, and Birch filed a set of four petitions which collectively challenge the validity of all of the asserted patent claims. (WOW, Doc. 57-1). YMax filed three petitions which challenge the validity of all 12 asserted claims from the '777 patent, both asserted claims from the '298 patent, and 9 of the 21 asserted claims from the '113 patent. (YMax, Docs. 69-1 – 69-3). YMax's petitions purportedly rely on different prior art than that relied upon in Defendants' petitions, thus presenting possible alternative reasons for invalidation. (YMax, Doc. 69 at 5). T3 did not file any of the petitions but has agreed to be bound by the litigation estoppel provision of 35 U.S.C. § 315 as if it had filed Defendants' petitions.[3] (T3, Doc. 63 at 3).

---

[3] Section 315 provides: "The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision under section 318(a), or the real party in interest or privy of the petitioner, may not assert either in a civil action arising in whole or in part under section 1338 of title 28 . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2).

Pursuant to the statutory deadlines set when a party petitions for <u>inter</u> <u>partes</u> review, PAL has three months (until September 23-24, 2016) to respond to the petitions. <u>See</u> 37 C.F.R. § 42.107(b). The PTAB then has three months (until December 23-24, 2016) to determine whether to institute an <u>inter</u> <u>partes</u> review and will issue a written decision explaining the basis for its decision on each petition. <u>See</u> 35 U.S.C. § 314(b). If the PTAB institutes an <u>inter</u> <u>partes</u> review for any of the petitions, it must issue a final written decision either cancelling or upholding the claims within one year from the date of the decision to institute an <u>inter</u> <u>partes</u> review.[4] <u>See</u> 37 C.F.R. § 42.100. Therefore, the PTAB's final decision would be made by approximately December 23-24, 2017.

## II.     LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Landis v. N. Am., Co.</u>, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." <u>Id.</u> at 254-55. The party seeking a stay bears the burden of showing that such a course is appropriate. <u>Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.</u>, No. 6:12-CV-1727-ORL-37, 2013 WL 6133763, at *1 (M.D. Fla. Nov. 21, 2013) (citing <u>Landis</u>, 299 U.S. at 255).

---

[4] The PTAB may extend its review by up to six months for good cause. <u>See</u> 37 C.F.R. § 42.100(c).

When a party moves to stay patent infringement litigation during the pendency of PTAB proceedings concerning the validity of patents-in-suit, courts consider three factors, including: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. See Automatic Mfg. Sys., Inc., 2013 WL 6133763, at *2. These factors are not exclusive, however, and in the end, an overarching consideration of the totality of the circumstances governs. Universal Elecs., Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013); accord Automatic Mfg. Sys., Inc., 2013 WL 6133763, at *2.

## III.   ANALYSIS

Defendants and YMax seek a stay pending the resolution of their petitions for inter partes review. PAL opposes a stay.

### 1.   **Undue Prejudice and Tactical Disadvantage**

While staying a case pending inter partes review can result in some prejudice to the plaintiff by virtue of prolonging the dispute, PAL acknowledges that "standing alone, the potential for litigation delay does not establish ***undue*** prejudice." (WOW, Doc. 60 at 19) (emphasis in original). Nevertheless, PAL argues that a petition for—as opposed to an institution of—inter partes review does not shed much light on the potential scope of an inter partes review, as it remains unclear which, if any, petitions might be granted. See Automatic Mfg. Sys., Inc. v. Primera Tech., Inc., No. 6:12-CV-1727-ORL-37, 2013 WL 1969247, at *3 (M.D. Fla. May 13, 2013) ("because a petition does not shed much light on the potential scope of an inter partes review, and because

a stay could delay these proceedings for at least six months with little to show, the Court finds that a stay would unduly prejudice or present a clear tactical disadvantage to Plaintiff"). PAL underscores that a stay could delay resolution of these matters for several years, depending on whether the PTAB extends its review for good cause and whether Defendants and YMax appeal the PTAB's decisions to the United States Court of Appeals for the Federal Circuit. (WOW, Doc. 60 at 19). In addition, PAL contends that a lengthy stay will prejudice it because "resuming litigation after a protracted stay 'could raise issues with stale evidence, faded memories, and lost documents.'" (Id. at 20). Although PAL admits that such a harm would "cut both ways," it argues that it would be more damaged because Defendants and YMax possess the bulk of the relevant information. (Id. at 20 n.18).

Although a stay will delay PAL's day in court, "any such delay is outweighed by the many advantages of inter partes review." Andersons, Inc. v. Enviro Granulation, LLC, No. 8:13-CV-3004-T-33MAP, 2014 WL 4059886, at *2 (M.D. Fla. Aug. 14, 2014). In fact, since the Federal Circuit's decision to reverse and remand a district court's decision to deny a motion to stay after the PTAB instituted a covered business method review in VirtualAgility v. Salesforce.com, Inc., 759 F. 3d 1307 (Fed. Cir. 2014), "courts have been nearly uniform in granting motions to stay proceedings in the trial court after the PTAB has instituted inter partes review proceedings." NFC Tech. LLC v. HTC Am., Inc., No. 2:13-CV-1058-WCB, 2015 U.S. Dist. LEXIS 29573, at *18 (E.D. Tex. Mar. 11, 2015) (citing numerous cases). While courts often stay cases after the PTAB has instituted an inter partes review, courts in the Eleventh Circuit have also

stayed cases <u>before</u> the PTAB has decided whether to institute an <u>inter partes</u> review, noting the "concrete, numerous, and well-recognized benefits of resort to the PTO" as "(1) furthering judicial economy; (2) determining validity; (3) focusing the issues, defenses, and evidence; (4) developing the prior art and prosecution history; (5) obtaining the PTO's particular expertise; (6) encouraging settlement; and (7) reducing costs to the parties." <u>Andersons</u>, 2014 WL 4059886, at *2; <u>see also Petmatrix LLC v. Wenzhou Yuxiang Pet Prod. Co.</u>, Case No. 6:15-cv-344-Orl-40KRS, 2015 U.S. Dist. LEXIS 114496 (M.D. Fla. Aug. 4, 2015), <u>adopted by Petmatrix LLC v. Wenzhou Yuxiang Pet Prod. Co.</u>, No. 6:15-cv-344-Orl-40KRS, 2015 U.S. Dist. LEXIS 114499 (M.D. Fla. Aug. 28, 2015) (granting joint motion to stay prior to PTAB decision on institution); <u>Interface, Inc. v. Tandus Flooring, Inc.</u>, No. 4:13-CV-46-WSD, 2013 WL 5945177 (N.D. Ga. Nov. 5, 2013) (granting motion to stay prior to PTAB decision on institution); <u>Capriola Corp. v. Larose Indus.</u>, No. 8:12–cv–2346–T–23–TBM, 2013 WL 1868344, at *1 (M.D. Fla. March 11, 2013) (same). All of these benefits apply here.

While PAL states that it will suffer prejudice if the cases are stayed, the only concrete example of prejudice it identifies is the potential for stale evidence. (<u>WOW</u>, Doc. 60 at 20). However, PAL identifies no specific problems it expects to encounter in this regard. <u>See Xpedite Sys., LLC v. J2 Glob. Commc'ns, Inc.</u>, No. 1:11-CV-0706-RWS, 2011 WL 6712766, at *1 (N.D. Ga. Dec. 21, 2011) (rejecting plaintiff's argument that a stay would make discovery and trial more difficult due to "fading of memories and movement of witnesses" because plaintiff identified no particular problems it expected to face on that front). Indeed, PAL is a non-practicing entity and is thus not in

competition with the defendants, has not sought a preliminary injunction, and seeks only monetary damages. See Roblor Mktg. Grp., Inc. v. GPS Indus., Inc., 633 F. Supp. 2d 1341, 1347 (S.D. Fla. 2008) (finding no significant prejudice where "[p]laintiff does not produce a product, has no substantial operations, and appears to exist only as a holding company whose only asset is the [patent]"). While courts may hesitate to grant a stay in cases involving direct competitors, the relationship between the parties is no impediment to a stay where, as here, the plaintiff is a non-practicing entity which will not lose market share or sales due to a stay. See Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc., C.A. No. 12-cv-1107(GMS), 2014 U.S. Dist. LEXIS 47430, at *16 (D. Del. Apr. 7, 2014). Moreover, it is well-established that "the availability of money damages is sufficient to protect plaintiff from prejudice," and thus the type of relief sought by PAL weighs in favor of a stay. Tomco Equip. Co. v. Se. Agri-Sys., Inc., 542 F. Supp. 2d 1303, 1308 (N.D. Ga. 2008) (quoting Datatreasury Corp. v. Wells Fargo & Co., 490 F. Supp. 2d 749, 752 (E.D. Tex. 2006)); VirtualAgility, 759 F. 3d at 1318 (a "stay will not diminish the monetary damages to which [plaintiff] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages"). Thus, the Court finds that PAL will not suffer undue prejudice if the cases are stayed.

### 2.    Simplification of Issues in Question and Trial of the Case

PAL argues that Defendants have failed to show that a stay will likely result in simplifying the issues, asserting that it is speculative to presume that an inter partes review will be instituted and, if so, for what claims. (WOW, Doc. 60 at 17). Further, PAL asserts that Defendants' most compelling point—that certain defendants may be estopped based on the petitions—is less compelling where certain defendants have not

yet agreed to such conditions. (<u>WOW</u>, Doc. 60 at 19). However, Defendants state that even those defendants who are not subject to the statutory estoppel because they did not file the petitions have agreed to be bound to the same extent as if they had filed the petitions if the case is stayed.[5] (<u>WOW</u>, Doc. 57 at 16). Similarly, YMax is estopped from making the same invalidity arguments as those advanced in its petitions. (<u>YMax</u>, Doc. 69 at 10). Regardless, courts have found that even if defendants cannot be statutorily estopped from asserting that patents are invalid, a stay is nevertheless appropriate because the outcome of the <u>inter partes</u> review proceedings will simplify the issues in the case. <u>See</u> <u>Intellectual Ventures II LLC v. SunTrust Banks, Inc.</u>, No. 1:13-CV-02454-WSD, 2014 WL 5019911, at *3 (N.D. Ga. Oct. 7, 2014) (citing <u>Pi–Net Int'l., Inc. v. Hertz Corp.</u>, 2013 WL 7158011, at *3-4 (C.D. Cal. June 5, 2013) (staying case even though the defendant was not subject to statutory estoppel because the "issues would likely be simplified and would promote judicial efficiency."); <u>e-Watch, Inc. v. Acti Corp., Inc.</u>, 2013 WL 6334372, at *7 (W.D. Tex. Aug 9, 2013) (finding that even if no formal estoppel applies, "if the USPTO invalidates any of the three patents-in-suit at issue or changes the scope and terms of any claim, the matters at issue in

---

[5] PAL seems to doubt the veracity of Defendants' statements that they are bound by estoppel, stating that "Defendants' arguably most compelling point—that certain defendants may be estopped based on the petitions—is less compelling where certain defendants, KNO/WOW's representation notwithstanding, have not yet agreed to such conditions." (<u>WOW</u>, Doc. 60 at 19).

The Court has no reason to doubt Defendants' claim that they all agree to be bound by estoppel. Defendants filed their motion aware that Federal Rule of Civil Procedure 11 applies, and PAL provides no basis for its claim that "KNO/WOW's representation notwithstanding," Defendants have not agreed to the estoppel condition.

this Court will change. It is not necessary . . . to be a party to the IPR proceedings for the USPTO's substantive decisions in reexamination proceedings to have an effect on the patent issues to be litigated in this case.")). Accordingly, even if the PTAB were to uphold any of the challenged claims, the post-stay proceedings in this Court will be streamlined because Defendants and YMax will be estopped from making redundant invalidity arguments. If the PTAB invalidates some of the asserted claims, this Court will have fewer claim terms to construe and analyze for infringement. Finally, if the PTAB invalidates all of the asserted claims, PAL's lawsuits will be moot.

Therefore, if the PTAB institutes an <u>inter partes</u> review, even if it concludes that some, but not all, of the patents-in-suit are invalid, the scope of this case may be significantly narrowed. In construing the disputed claims, the Court also will be aided by the interpretation offered by the PTAB. As a result, the Court finds that staying this action will result in significant simplification of issues.

### 3.   <u>Reduce the Burden of Litigation</u>

Finally, PAL contends that Defendants have not shown that a stay will reduce the burden of litigation on the Court and the parties. (<u>WOW</u>, Doc. 60 at 18-19). The Court disagrees.

Although the cases were filed in June 2015, they are still at a relatively early stage. While PAL correctly states that discovery is ongoing, <u>see supra</u> Part I, courts in this Circuit have stayed litigation even after, as here, a joint claim construction statement has been filed. <u>See Xpedite</u>, 2011 WL 6712766, at *2 (finding it was still sufficiently early in the litigation that a stay would not prejudice the parties even though they had filed a joint claim construction statement and begun taking

11

depositions). Here, neither a trial date nor a deadline for the completion of discovery has been set. See Tomco, 542 F. Supp. 2d at 1312 (holding that a stay was appropriate where a trial date was not set, even though the case was relatively late in discovery); Interface, 2013 WL 5945177, at *4 (granting stay prior to institution of an inter partes review and before a trial date had been set).

Moreover, the upcoming deadlines militate in favor of a stay. It simply does not make sense for the parties and the Court to do the heavy lifting required to prepare for a January 5, 2017 claim construction hearing when a mere week before (specifically, by December 24, 2016) the PTAB will issue its decision as to whether to institute an inter partes review.[6] See Andersons, 2014 WL 4059886, at *4 ("The Court agrees with Defendants that, absent a stay, the litigants and the Court will invariably expend significant time and resources 'conducting discovery, engaging in claim construction and preparing for [trial].'"); Intellectual Ventures II LLC v. SunTrust Banks, Inc., No. 1:13-CV-02454-WSD, 2014 WL 5019911, at *2 (N.D. Ga. Oct. 7, 2014) (granting stay and noting that the court had not yet held a Markman hearing); Click-

---

[6] The Court has reviewed the Joint Claim Construction and Pre-Hearing Statement (WOW, Doc. 70) and notes that the parties have teed up 30 terms for the Court to construe. YMax states that the parties "have not yet briefed their numerous disputes regarding construction of the claim language in the three patents" and that they "will need to expend significant resources on both discovery and on briefing for the upcoming claim construction hearing." (YMax, Doc. 69 at 11). "A stay that does not come until after the PTAB's institution decision in late December will be too late to avoid the significant expenditure of time and money those litigation activities entail." (Id.).

The Court agrees. The volume of work involved for the parties and the Court to prepare for the claim construction hearing, set a mere week after the PTAB will make a decision regarding institution, favors a stay.

To-Call Techs. LP v. Oracle Corp., No. A-12-CA-468-SS, 2013 U.S. Dist. LEXIS 189739, at *7 (W.D. Tex. Nov. 26, 2013) ("[A]lthough post-Markman discovery in this case may have only recently begun, and a trial date has been set, it simply makes no sense for this Court to proceed in parallel with the PTAB."). Indeed, the statutory framework promises a swift response from the PTAB on whether to conduct an inter partes review. As the Capriola court noted, "if the PTO declines inter partes review, little time is lost, but if the PTO grants inter partes review, the promise is greater for an important contribution by the PTO to resolution of the governing issues in the litigation." Capriola, 2013 WL 1868344, at *2; but see Automatic Mfg. Sys., 2013 WL 1969247, at *3.

Here, even if the PTAB declines to institute an inter partes review, only approximately four months will be lost. But if the PTAB institutes an inter partes review, the potential for streamlining the issues in the cases significantly increases because all of the asserted claims of the patents-in-suit have been challenged. See Andersons, 2014 WL 4059886, at *4 (granting stay where each of the patents-in-suit were challenged in defendants' petitions). Having thoroughly considered the three factors, the Court finds that a stay is appropriate.

Accordingly, it is hereby

**ORDERED:**

1.     Defendant Bright House Networks, LLC's Motion to Stay, Adopting and Incorporating by Reference Pending Motion to Stay in Related Case (Bright House, Doc. 87) is **GRANTED**.

2.      Defendant WideOpenWest Finance, LLC and Knology of Florida, Inc.'s Motion to Stay Pending <u>Inter</u> <u>Partes</u> Review (<u>WOW</u>, Doc. 57) is **GRANTED**.

3.      Defendant YMax Corporation's Motion to Stay Pending <u>Inter</u> <u>Partes</u> Review (<u>YMax</u>, Doc. 69) is **GRANTED**.

4.      Defendant Birch Communications, Inc.'s Motion to Stay Pending <u>Inter</u> <u>Partes</u> Review (<u>Birch</u>, Doc. 105) is **GRANTED**.

5.      Defendant T3 Communications, Inc.'s Motion for Stay Pending <u>Inter</u> <u>Partes</u> Review (<u>T3</u>, Doc. 63) is **GRANTED**.

6.      Defendant/Third-Party Plaintiff T3 and Third-Party Defendant MetaSwitch Networks Ltd.'s Joint Contingent Motion for Stay Pending <u>Inter</u> <u>Partes</u> Review (<u>T3</u>, Doc. 64) is **GRANTED**.

7.      All deadlines in the above-captioned cases are **VACATED**.

8.      The Clerk is directed to **STAY AND ADMINISTRATIVELY CLOSE** the above-captioned cases pending resolution of the petitions for <u>inter</u> <u>partes</u> review.

9.      The parties are directed to file a status report with respect to the <u>inter</u> <u>partes</u> review process on or before **January 5, 2017**, and every 90 days thereafter until the PTAB proceedings have concluded.

        **DONE AND ORDERED** in Jacksonville, Florida the 22nd day of August, 2016.


TIMOTHY J. CORRIGAN
United States District Judge

sj

Copies:

Counsel of record